PROB 12C
(6/16)

Report Date: October 21, 2026

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2026

SEAN F. MCAVOY, CLERK

ECF No. 4

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Thomas Andrew Cole

Case Number: 0980 4:26CR06032-MKD-1

Last Known Address of Offender: [redacted] Pasco, Washington 99301

Name of Sentencing Judicial Officer: The Honorable Jesus G. Bernal, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. District Judge

Date of Original Sentence: October 20, 2023

Original Offense: Assault Resulting in Serious Bodily Injury, 18 U.S.C. § 113(a)(6)

Original Sentence: Prison - 46 months
TSR - 3 years

Type of Supervision: Supervised Release

Asst. U.S. Attorney: Brandon Pang

Date Supervision Commenced: June 25, 2026

Defense Attorney: Britane Hubbard

Date Supervision Expires: June 24, 2030

---

## PETITIONING THE COURT

To incorporate violations contained in this petition in future proceeding with the violations previously reported to the Court on August 17, 2026, for docket number 4:16CR06035-MDK-1. Transfer of Jurisdiction from the Central District of California to the Eastern District of Washington was completed on August 26, 2026.

On June 25, 2026, a probation officer reviewed all the conditions of supervised release with Mr. Cole. He verbalized understanding, signed a copy of his conditions, and was provided with a signed copy.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.<br><br>**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by having used a controlled substance, fentanyl, on or about July 2, 2026.<br><br>On July, 2, 2026, Mr. Cole completed a drug test at the probation office which was presumptive positive for fentanyl. He denied using fentanyl. The sample was packaged and sent to the contracted vendor for confirmation. The drug test report was later received on July 14, 2026, confirming a positive result for fentanyl. |
| 2 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |

**Supporting Evidence:** Mr. Cole is considered to be in violation of conditions of supervised release by having used a controlled substance, methamphetamine, on or about July 12, 2026.

On July 16, 2026, Mr. Cole admitted to the supervising probation officer to having used methamphetamine, on July 12, 2026. He signed a drug use admission form.

3 **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by having used a controlled substance, methamphetamine, daily, between July 23 to 26, 2026.

On July 27, 2026, and again on July 28, 2026, Mr. Cole admitted to the supervising probation officer that he used methamphetamine, daily, between July 23 to 26, 2026. He signed a drug use admission form.

4 **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by having used a controlled substance, fentanyl, on or about July 28, 2026.

On July 28, 2026, Mr. Cole completed a drug test at the probation office which results were presumptive positive for fentanyl. He denied using this substance. The sample was packaged and sent to the contracted vendor for confirmation. The drug test report was later received confirming a positive result for fentanyl.

5 **Special Condition #4:** You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by failing to comply with substance abuse treatment requirements on or before July 27, 2026.

On July 2, 2026, Mr. Cole attended a substance abuse evaluation at Merit Resource Services (Merit). He returned to Merit to attend a results appointment on July 16, 2026. However, the probation officer confirmed with the substance abuse counselor that Mr. Cole was too defensive to diagnose. He was recommended to complete an assessment with another provider.

6 **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by having used a controlled substance, methamphetamine, on or about July 31, 2026.

On August 4, 2026, Mr. Cole completed a drug test at the probation office which was presumptive positive for amphetamine, methamphetamine, and fentanyl. He denied using fentanyl, and admitted to the supervising probation officer he used methamphetamine on July 31, 2026. The sample was packaged and sent to the contracted vendor for confirmation. The drug test report was later received confirming a positive result for methamphetamine.

7 **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by having used a controlled substance, fentanyl, on or about August 4, 2026.

As noted in the above alleged violation, Mr. Cole completed a drug test on August 4, 2026, which was also presumptive positive for fentanyl, which he denied using. This drug test was packaged and sent to the laboratory for confirmation. The drug test report was later received confirming a positive result for fentanyl.

8 **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by having used a controlled substance, fentanyl, on or about August 6, 2026.

On August 6, 2026, Mr. Cole reported to the contracted substance abuse testing provider and submitted a drug test that was presumptive positive for fentanyl. This drug test was packaged and sent to the contracted laboratory for confirmation. The drug test report was later received confirming a positive result for fentanyl.

9 **Special Condition #4:** You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Cole is considered to be in violation of conditions of supervised release by failing to enter inpatient substance abuse treatment as scheduled on or about August 7, 2026.

The probation officer confirmed Mr. Cole was originally scheduled to enter inpatient substance abuse treatment at Sundown M Ranch on August 7, 2026. Treatment facility staff confirmed Mr. Cole failed to enter inpatient treatment as scheduled on August 7, 2026. A new bed date was then set for August 8, 2026, and reset to the 9th of August, 2026, after he contacted the treatment facility, reported his vehicle was still in the shop and he also had church.

The facility granted him another opportunity and a new bed date was scheduled for August 10, 2026. Mr. Cole failed to enter inpatient substance abuse treatment on August 10, 2026.

The U.S. Probation Office respectfully recommends the Court incorporate the violations contained in this petition with the other violations pending before the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 21, 2026

s/Elizabeth Lee

Elizabeth Lee
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

M.K. Dimke

Signature of Judicial Officer

October 26, 2026

Date